+**Corrected 1/5/17**
**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 04 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARNOLD DEAN ADKINS, | No. 14-55715 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00138-JAH-JMA |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 30, 2016**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.+

Arnold Dean Adkins appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial in part of his application for

supplemental security income ("SSI") under Title XVI of the Social Security Act.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

At step five of the sequential evaluation process, the administrative law judge ("ALJ") found that despite Adkins's severe impairments of right shoulder problems and depression, he was not disabled prior to November 1, 2010, because there were jobs that existed in significant numbers in the national economy that he could have performed. The ALJ found that such jobs ceased to exist on November 1, 2010, when Adkins's age category changed to that of an individual of advanced age, and he then became disabled. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm the district court's judgment.

Adkins contends that he became disabled, and entitled to SSI, on July 28, 2008, the date he filed his application for benefits, rather than on November 1, 2010, but he does not explain why the ALJ's decision is not supported by substantial evidence.

The ALJ did not err in his findings. He provided a specific and legitimate reason, supported by substantial evidence, for rejecting in part a treating doctor's opinion regarding Adkins's shoulder condition. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ's findings regarding the various psychiatric opinions were favorable to Adkins. The ALJ engaged in the required two-step analysis of Adkins's credibility and provided specific, clear and convincing

2

reasons for finding that he was not entirely credible. *See id.* at 1163; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014). In addition, the ALJ did not abuse his discretion in finding that Adkins reached advanced age on November 1, 2010, even though he did not turn 55 until approximately six months later. *See Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1069 (9th Cir. 2010) (holding that "[w]here a claimant is within a few days or a few months of reaching an older age category (a 'borderline situation'), an ALJ has discretion, but is not required, to use the older age category") (quoting 20 C.F.R. § 404.1563(b)).

The ALJ was not required to consider Adkins's prior award of Social Security benefits, which did not establish his continuing disability. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1172-73 (9th Cir. 2008) (holding that there is no presumption of continuing disability once benefits have been terminated for multiple years, even for a non-medical reason.).

**AFFIRMED.**